UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TODD ROBERT BRIGGS,<br><br>    Petitioner,<br><br>v.<br><br>TIM WENGLER,<br><br>    Respondent. | Case No. 1:10-cv-00445-LMB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Respondent's Motion to Dismiss. (Dkt. 16.) Petitioner has filed his Response (Dkt. 18), and the Motion is now ripe for adjudication. Both parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. (Dkt. 5, 13.) *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Having fully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that the decisional process would not be significantly aided by oral argument. Therefore, in the interest of avoiding further delay, the Court shall decide this matter on the written motions, briefs and record without oral argument. D. Idaho L. Civ. R. 7.1(d). Accordingly, the following Order is entered.

**MEMORANDUM DECISION AND ORDER - 1**

**RESPONDENT'S MOTION TO DISMISS**

1.  **Background**

Pursuant to a plea agreement, Petitioner pleaded guilty to and was convicted of one count of first degree murder and two counts of aggravated battery in a state criminal action in the Seventh Judicial District Court in Bonneville County, Idaho. (State's Lodging A-1, pp. 140-42.) He received sentences of twenty-five years to life on the murder count, seven to fifteen years on the first aggravated battery count (to run consecutively), and five to fifteen years on the second aggravated battery count (to run concurrently). The judgment of conviction was entered on July 12, 2002. (*Id*.)

Petitioner filed a direct appeal challenging his sentences. (State's Lodging B-1.) The sentences were affirmed on appeal by the Idaho court of Appeals on May 15, 2003. (State's Lodging B-3.) Petitioner did not file a petition for review with the Idaho Supreme Court.

Petitioner filed a post-conviction relief application on April 4, 2004, and it was dismissed upon the state's motion to dismiss on October 25, 2005. (State's Lodging C-1.) The Idaho Court of Appeals affirmed dismissal on February 28, 2007. (State's Lodging D-5.) Petitioner filed a petition for review, which was denied on July 30, 2007. (State's Lodgings D-9, D-11.)

Petitioner filed a first petition for writ of habeas corpus in federal court on December 4, 2007 (first petition) (*Briggs v. Smith*, 1:07-cv-00510-EJL, Dkt. 3).

**MEMORANDUM DECISION AND ORDER - 2**

Respondent filed a motion to dismiss the first petition on untimeliness grounds, which was granted by United States District Judge Edward J. Lodge. (*Id.*, Dkt, 10, 12.) Judgment was entered on July 15, 2008. (*Id.*, Dkt. 13.) No appeal was filed.

While the first federal habeas corpus action was pending, on December 19, 2007, Petitioner filed a second state post-conviction application. (State's Lodging E-1.) Upon the state's motion to dismiss, the state district court dismissed the application. (*Id.*) The Idaho Court of Appeals affirmed dismissal of the application, and the Idaho Supreme Court denied review on June 4, 2010. (State's Lodgings F-7, F-9.)

The second federal habeas corpus petition (the instant action) was filed on September 1, 2010, reasserting the same three claims from Petitioner's prior federal habeas corpus action. Respondent filed a Motion to Dismiss the Petition on grounds that it is a second or successive petition brought without authorization from the United States Court of Appeals for the Ninth Circuit, and, alternatively, that it is untimely.

1.  **Standard of Law**

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In such case, the Court construes the facts in a light most favorable to the petitioner. It is appropriate for the Court to take judicial notice of court dockets from

other court proceedings, including state courts. Fed. R. Evid. 201(b); *Dawson v Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

Before an Idaho state prisoner can file a second or successive federal habeas corpus petition challenging the same conviction or sentence as in his first habeas corpus petition, he must first obtain authorization from the United States Court of Appeals for the Ninth Circuit. 28 U.S.C. § 2244(b)(3)(A). In *Tyler v. Cain*, 533 U.S. 656 (2001), the United States Supreme Court explained the criteria used to determine whether a "second or successive petition" can proceed:

> If the prisoner asserts a claim that he has already presented in a previous federal habeas petition, the claim must be dismissed in all cases. 28 U.S.C. § 2244(b)(1). And if the prisoner asserts a claim that was not presented in a previous petition, the claim must be dismissed unless it falls within one of two narrow exceptions. One of these exceptions is for claims predicated on newly discovered facts that call into question the accuracy of a guilty verdict. § 2244(b)(2)(B). The other is for certain claims relying on new rules of constitutional law. § 2244(b)(2)(A).

533 U.S. at 661-62.

Case law has further clarified that a habeas petition is considered a "second or successive petition" only if the first petition was dismissed with prejudice, whether on procedural grounds or on the merits of the claims. *Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000); *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009); *Henderson v. Lampert*, 396 F.3d 1049 (9th Cir. 2005).

**MEMORANDUM DECISION AND ORDER - 4**

A federal district court may not, "in the absence of proper authorization from the [Ninth Circuit], consider a second or successive habeas application." *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (internal quotation marks and citation omitted). Accordingly, if this Court determines that the second petition meets the criteria for a "second or successive petition" under the statute, this Court has no jurisdiction to consider the petition. *See id.*, 274 F.3d at 1274 (holding that district courts lack jurisdiction to consider unauthorized successive petitions).

2.  **Discussion**

As the procedural history sets forth above, Petitioner has pursued one federal habeas corpus petition to its conclusion. The first petition was dismissed on statute of limitation grounds, which is deemed a decision on the merits that renders a successive petition subject to the second or successive petitions rule in § 2244(b). *McNabb v. Yates*, 576 F.3d at 1030.

The first and second habeas corpus petitions challenge the same conviction, and contain essentially the same claims: (1) existence of a conflict of interest amounting to prejudice that arose from an allegation that Petitioner's trial counsel worked under the direct supervision in his office of the employer of the victim's mother; (2) ineffective assistance of trial counsel because he was not "death-penalty certified" and because counsel failed to investigate Petitioner's Zoloft use; and (3) a Confrontation Clause

violation based on the trial judge's failure to allow Petitioner to confront witnesses Beverly Park and David Doten in open court at the sentencing hearing. (Compare Case No. 1:10-cv-00445-LMB, *Briggs v. Wengler* (second petition), Dkt. 2, pp. 2-3, with Case No 1:07-cv-00510-EJL, *Briggs v. Smith* (first petition), Dkt. 3, pp. 2-3.) There are some slight differences among the facts supporting these claims, as well as some differences between "new claims" that Petitioner wishes to bring(even though such claims have not been previously presented to the state courts), which are not relevant to the analysis of whether Petitioner can proceed on his second petition.

Because Petitioner challenges the same convictions and sentences he challenged in the first petition, he cannot file a second petition without authorization from the Ninth Circuit Court of Appeals. No such authorization in the record is apparent, nor does Petitioner assert that he obtained authorization in his Response to the Motion to Dismiss. The Court is without jurisdiction to hear the merits of the claims. Because Petitioner cannot proceed as a result of § 2244(b), the Court will not address Respondent's argument that Petitioner's claims are untimely.

## ORDER

**IT IS ORDERED:**

1. Respondent's Motion to Dismiss (Dkt. 16) is GRANTED. Petitioner's Petition is DISMISSED.

3. The Clerk of Court shall provide Petitioner with a copy of the successive petitions form to be filed with the United States Court of Appeals for the Ninth Circuit.



DATED: **February 1, 2012**.

Honorable Larry M. Boyle
United States Magistrate Judge